GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>     vs.<br><br>Marcus Andre Jones,<br><br>             Defendant. | No. CR-24-00529-001-PHX-DJH<br><br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

Defendant Marcus Andre Jones ("Defendant" or "Jones") pleaded guilty to Count 14 of the Indictment, Material False Statement During the Purchase of a Firearm. The United States recommends that Defendant receive a sentence of 12 months and one day of incarceration below the Guidelines. The United States further recommends that Defendant receive a term of three-years' supervised release.

The United States has no legal objections or factual corrections to the Presentence Report ("PSR"). (Doc. 27.) The United States agrees with the PSR calculations resulting in a Final Offense Level of 13 and Criminal History Category ("CHC") I. (PSR at ¶¶ 34, 38, and 68.) This results in a Guidelines range of 12-18 months' imprisonment. The United States's sentencing recommendation is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTS AND PROCEDURAL HISTORY

A grand jury indicted Defendant Jones on March 26, 2024. (Doc. 1.) On December 10, 2024, Defendant Jones pleaded guilty to Count 14 of the Indictment, Material False Statement During the Purchase of a Firearm, in violation of 18 United States Code §§ 922(a)(6) and 924(a)(2). (Doc. 24.)

The facts giving rise to Jones' crime are detailed in the plea agreement and further detailed in the PSR.

### II.    UNITED STATES' SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Jones receive a prison sentence of 12 months and one day incarceration.[1] The government also recommends the term of incarceration be followed by a term of three-years' supervised release. The United States will dismiss Counts 1-13 of the Indictment.

### A.    A Prison Sentence is Appropriate Pursuant to § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted). The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court. *Id*. (citations omitted). When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50).

---

[1] The United States recommendation is subject to change if new information is learned between the date of this filing and the sentencing hearing.

In the present case, based on the reasons set forth herein, the United States submits that a prison sentence for Defendant Jones is a fair and just sentence, which is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1.    Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1). Over the course of five months, Defendant Jones purchased approximately 10 firearms at different FFLs, with the intent of providing those firearms to others. At least six of the firearms were recovered, including at crime scenes.

The nature and circumstances of Defendant Jones' actions justify a prison sentence.

### 2.    Defendant's History and Characteristics

Defendant Jones' has no prior convictions, but he did incur a pretrial release violation. There are some concerning/mitigating circumstances set forth in the PSR that are relevant to Jones' life circumstances and justify the recommended sentence.

### 3.    Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Obtaining firearms in Arizona and providing them to other individuals (possible gang members and/or underage) is serious. Jones' offense is serious and warrant a prison sentence.

### 4.    The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). A prison sentence is appropriate to deter Defendant from committing future crimes. The need for deterrence also extends beyond preventing recidivism by Defendant. General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general

deterrence as "one of the key purposes of sentencing"). Defendant Jones needs to be deterred from engaging in criminal conduct, and his sentence must be sufficient to deter others from future criminal activities.

### 5.    Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C). Defendant Jones' conduct is serious and dangerous. The firearms he purchased for others were used in crimes, including an officer shooting; therefore, a prison sentence is appropriate.

### 6.    Providing Needed Correctional Treatment

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D). From a review of the PSR, it appears that Jones could benefit from mental health and substance abuse treatment, all of which he can receive in the Bureau of Prisons.

### B.  Three Years of Supervised Release is Appropriate Pursuant to § 3583(c)

The United States recommends that Defendant Jones be placed on supervised release for three years. This term is warranted by the nature and circumstances of Defendant's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.). It will provide the structure necessary to ensure Jones remains law abiding. This will protect the public from further crimes by Defendant Jones and, hopefully, deter him from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)(B) and (C)).

### III.   CONCLUSION

The United States recommends that Defendant Jones receive a sentence of imprisonment of 12 months and one day of incarceration. The United States further recommends that Jones receive a term of three years' supervised release. For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 12th day of February, 2025.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on February 12, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Anthony James Knowles
Counsel for Defendant Jones

*s/ J. Schesnol*
U.S. Attorney's Office